UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Henrietta Henry,

                Plaintiff,              CV-07-3965

   - against -

City of New York, New York City       MEMORANDUM OPINION
Police Department, and Police Officers  AND ORDER(CPS)(MDG)
John Doe # 1-5,

                Defendants.

----------------------------------------X

SIFTON, Senior Judge.

    Plaintiff Henrietta Henry ("Henry") commenced this action against defendants City of New York ("City"), New York City Police Department ("NYPD"), and Police Officers John Doe # 1-5 ("Officers"), alleging false arrest and imprisonment and malicious prosecution in violation of 42 U.S.C. § 1983[1] and the New York State Constitution, as well as intentional infliction of emotional distress. Presently before this Court is defendants' motion to dismiss and plaintiff's motion for leave to amend her complaint. Defendants argue that the instant action should be

---

[1] 42 U.S.C. § 1983 states in relevant part:

   Every person who, under color of any statute, ordinance, regulation,
   custom, or usage, of any State . . . subjects, or causes to be
   subjected, any citizen of the United States . . . to the deprivation of
   any rights, privileges, or immunities secured by the Constitution and
   laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983.

dismissed because plaintiff failed to substitute the names of the John Doe Officers before the statute of limitations expired and that she is now time barred from doing so.  Defendants also argue that the City should be dismissed from this action for failure to state a Section 1983 claim.  For the reasons stated below, defendants' motion to dismiss is granted.  Plaintiff's motion for leave to amend her complaint is granted in part and denied in part.

**Background**

The following facts are taken from plaintiff's complaint and the parties' papers submitted in connection with this motion.  The facts alleged in the complaint are presumed to be true for the purposes of the motion to dismiss.

Plaintiff Henry resides at 880 Colgate Avenue, Bronx, New York.  Complaint ¶ 8.

Plaintiff states that on September 23, 2004, at approximately 8:40 pm, defendant officers attempted to force their way into Henry's residence without a warrant.  *Id.* ¶¶ 8-9.  Plaintiff refused access to her residence. *Id.* ¶ 10.  Shortly thereafter, she walked out of her apartment in order to leave the building.  *Id.*  She states that she was assaulted, threatened, menaced and handcuffed by defendant officers.  Henry states that she was then taken to a police station where she was

interrogated, harassed, and threatened. *Id.* ¶¶ 13-14. She was charged with disorderly conduct and resisting arrest. *Id.* ¶ 10. The summons was issued by Officer John Ferrara. Plaintiff's Memorandum of Law, p. 3. Her photograph and fingerprints were taken. Complaint ¶ 14.

Plaintiff subsequently filed a complaint with the Civilian Complaint Review Board (CCRB). The complaint was closed on February 4, 2005, after plaintiff was found to be uncooperative with the investigation. Defendants' Exhibit A.

The criminal charges were dismissed on October 11, 2005 by the Criminal Court of the City of New York, Bronx County. Plaintiff's Memorandum of Law, p. 2.

Plaintiff commenced the instant action on September 21, 2007.

**Discussion**

*Rule 12(b)(6) Standard*

In considering a motion pursuant to Rule 12(b)(6), a court should construe the complaint liberally, "drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)), although "mere conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Helt Funding Corp.*, 27 F.3d 763, 771 (2d Cir.

1994). Indeed, conclusory allegations "will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). On a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

Nevertheless, to survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility." *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1970 (2007). Although the complaint need not provide "detailed factual allegations," *id*. at 1964; *see also ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n. 2 (2d Cir. 2007)(applying the standard of plausibility outside *Twombly*'s anti-trust context), it must "amplify a claim with some factual allegations . . . to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007) (emphasis in original) (holding that the plaintiff's complaint adequately alleged the personal involvement of the Attorney General because it was plausible that officials of the Department of Justice would be aware of policies concerning individuals arrested after 9/11). The test is no longer whether there is "no set of facts" that plaintiff could prove "which would entitle him to relief." *Bell Atlantic*, 127

S.Ct. at 1969 (quoting *Conley v. Gibson*, 355 U.S. 45-46 (1957)) ("[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Rather, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns*, 493 F.3d at 98 (quoting *Bell Atlantic*, 127 S.Ct. at 1965).

*Standard for Amending Complaint*

Under Federal Rule of Civil Procedure 15(a) a party may file a motion for leave to amend his complaint with the court. Fed. R. Civ. P. 15(a). Rule 15(a) specifies that leave to amend shall be freely given when justice so requires. *Id.*

Once the statute of limitations has expired, as is the case here, a party may amend her complaint to add additional defendants if the amendment relates back to the date that the original complaint was filed. *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 35 (2d Cir. 1996). "Whether a claim relates back should be analyzed under both federal and state law, and whichever law that affords a more forgiving principle of relation back should be utilized." *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *5 (S.D.N.Y. 2007)(internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 15(c),

> does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties . . . but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

*Barrow v. Wethersfield Police Department*, 66 F.3d 466, 470 (2d Cir. 1995), *as modified,* 74 F.3d 1366 (2d Cir. 1996).

Under New York law, a plaintiff may "toll the statute of limitations in the event that [she] cannot identify a defendant previously named as John Doe if [she] can show that [she has] made diligent efforts to do so. *Wilson v. City of New York,* No. 03-CV-2495, 2006 WL 2528468, at *3 (S.D.N.Y. 2006); *see also Blakeslee v. Royal Ins. Co. of America*, No. 93-CV-1633, 1998 WL 209623, at *3 (S.D.N.Y. 1998). Accordingly, New York's relation-back doctrine is more forgiving than federal law. *See Wilson*, 2006 WL 2528468, at *3; *Murphy v. West*, 533 F.Supp.2d 312, 316 (W.D.N.Y. 2008); *see also Blakeslee,* 1998 WL 209623, at *3.

*Defendants' Motion to Dismiss*[2]

Section 1983 claims arising in New York have a statute of limitations of three years. *Patterson v. County of Oneida*, 375

---

[2] Plaintiff concedes that her state claims are time-barred and that the NYPD is not an entity that may be sued. Accordingly, plaintiff's state claims and defendant NYPD are dismissed, with prejudice.

F.3d 206, 225 (2d Cir. 2004). A Section 1983 cause of action accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *M.D. v. Southington Board of Education*, 334 F.3d 217, 221 (2d Cir. 2003)(internal quotation marks and citation omitted). For false arrest and false imprisonment claims that are followed by criminal proceedings, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato,* --- U.S. at ----, 127 S.Ct. 1091, 1095 (2007).

Here, plaintiff's false arrest and imprisonment claims began to accrue on September 23, 2004. Plaintiff does not dispute that the statute of limitations has expired on the false arrest and false imprisonment claims and that she did not know the identity of the officer defendants at the time she filed her complaint.[3] Because plaintiff's failure to name the individual officers in her complaint was not due to mistake, under federal law, adding the names of the individual defendants at this point does not relate back to the original complaint. Nor can plaintiff amend her complaint under the more forgiving state law standard because

---

[3] Plaintiff correctly argues that the statute of limitations for her malicious prosecution claim has not yet expired. *See Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995)(stating that malicious prosecution claims accrue when the underlying criminal action has been conclusively terminated). Her malicious prosecution claim began to accrue on October 11, 2005, the date that the charges against her were dismissed. However, plaintiff has only raised a malicious prosecution claim against the City and NYPD and not against the John Doe Officers.

plaintiff has not established that she made diligent efforts to identify the individual Officers after filing the original complaint. Accordingly, defendants' motion to dismiss the John Doe Officers from this action is granted.

Turning to plaintiff's claim against the City, under Section 1983, a municipality may only be held liable when its policies or customs result in a plaintiff's constitutional injury. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff concedes that her complaint fails to allege a *Monell* cause of action against the City. Accordingly, defendants' motion to dismiss for failure to plead a cause of action against the City is granted.

*Plaintiff's Motion to Amend*

Plaintiff argues that under the doctrine of equitable tolling she should be permitted to amend her complaint and substitute individually named defendants in place of the John Doe Officers.

Equitable tolling is permitted in "rare and exceptional circumstances" when a party is prevented from timely asserting her claim, and the party, "acted with reasonable diligence throughout the period he sought to toll." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). "A plaintiff seeking equitable tolling of a limitations period must demonstrate that defendants

engaged in a fraud which precluded him from discovering the harms he suffered or the information he needed to file a complaint." *Daniel v. Safir,* 175 F.Supp.2d 474, 480 (E.D.N.Y. 2001)(citing *Paige v. Police Department of the City of Schenectady*, 264 F.3d 197, 200 (2d Cir. 2001) and *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1157 (2d Cir. 1995)).

Here, plaintiff argues that defendants prevented her from discovering their names by failing to appear at plaintiff's criminal court appearance.  However, defendants' failure to appear did not prevent plaintiff from learning the names that she needed to know in order to file a complaint.  As plaintiff acknowledges, she had the name of the officer who issued the summons and also filed a CCRB complaint, which she failed to pursue.  Had she filed her complaint in the instant action well before the expiration of the statute of limitations she would have had the opportunity to learn the names of the unknown defendants through discovery.  Therefore, plaintiff has failed to demonstrate that she showed due diligence in pursuing the necessary information and her claims will not be equitably tolled.  Accordingly, plaintiff's motion to amend to substitute individually named defendants for the John Doe Officers is denied.

Plaintiff also moves for leave to amend her complaint so that she may plead a *Monell* claim against the City with respect to its policies on false arrest and false imprisonment. Although the statue of limitations on her false arrest claims has expired, because "the [proposed] amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . .", Fed. R. Civ. P. 15(c)(2), and the City is already a party to this action and on notice that plaintiff has claims against it arising from the alleged facts, I conclude that a *Monell* claim relates back to the original complaint. Accordingly, plaintiff's request to amend her complaint to plead a *Monell* cause of action against the City is granted.

**Conclusion**

For the reasons stated above, defendants' motion is granted. Plaintiff's motion for leave to amend her complaint to state a cause of action against the City is granted in part and denied in part. The Clerk is directed to transmit a copy of the within to the parties and the magistrate judge. SO ORDERED.

Dated: Brooklyn, NY
April 1, 2008

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge